thank you good morning your honor my name is Cindy Peterson I am here from the District of Montana on behalf of the United States today there was an indigency here that supported the immediate seizure of mr. bloods laptop and that indigent or that exigent circumstance continued until let me ask you about the you're talking about special exigency right yes and let me ask you about that I couldn't figure out what it was it seemed like you've got two agents there they both have cell phones they've got the suspects laptop in one of them has it in his lap why can't they just call the magistrate on one of their cell phones say we'd like a search warrant we have probable cause to admit that there's child porn on this laptop that I'm holding right now the reason we have probable cause is the defendant admitted that he has child porn on this laptop and we found child porn on another computer the defendant uses and we have downloads of child porn at traced to the defendant they wouldn't even have to say all that all they'd have to say is he admitted their child and then the magistrate says well I better swear you and he swears him over the phone records the statement and says you have a warrant to search the contents of the laptop for child porn done they've got a warrant it's proper it's all you need under the rule so what's the exigency except getting home late for dinner well your honor I I believe that I agree with the court except for that a duplicate original had to have been prepared it could rule doesn't say that but all but even if the local customers something required that the the federal rule of criminal procedure doesn't say that but it if it were required that's not very time-consuming I mean what I just said you could type that in about the same amount of time it took me to say it it's not a big deal your honor I I think that that would could have happened and would have been a reasonable alternative certainly if the agent did step out and contact the government why do you even have to step out it doesn't have to be secret well I think that there's two things in play here your honor first of all could step out if he wants he's got a cell phone was this guy in custody he was not so what stops mr. blood from saying nice talking to you I'm taking my laptop and going home nothing so that's the really the exigency isn't it it really is your honor oh wait they could arrest him though they could say well you just admitted you've got child porn on this laptop which was in your possession you're under arrest but then you're stepping beyond into even once once you start detaining him and keeping him there you're taking even a greater step than what they did in this so what they've got the probable cause for arrest what's the matter with taking a minute well your honor I believe that it was clear from the very beginning that the agents had no intention of arresting him they wanted to verify his statements that in fact the computer I have no intention of being on the bench at 9 I would rather slept another hour gotten here a little later but I did it just cuz they didn't have any intention of arresting him if he said I want to take my laptop and go home now I don't see why they couldn't have done something contrary to what their intention was and what didn't it could they search him incident to the arrest well I don't believe that they could search the laptop your honor because that is more than container this could they seize the laptop at that point I believe that they I believe let's just take judge Kleinfeld scenario for a second the guy says I have I have a child porn on my laptop here it is they didn't say okay you're under arrest what do they do they leave the laptop in the on the table or do they know so they would seize the laptop in any event they would have your honor and I believe that the same set of circumstances would have unfolded the way that it it did and they didn't search the laptop today they did not which I is very it was they secured the laptop and either they would have arrested him and secured it or they secure it and he's not under arrest either way it's in the agents hands it is your honor and and it's reasonable it I'm not saying that that the agents could not have stepped out and obtained a telephonic warrant or that there could have been an alternate scenario that could have happened it would have been reasonable to do that but what is the issue here is whether or not what they did was reasonable and given the totality of the circumstances and everything that they had in front of them an individual who had just admitted that he committed a crime an individual who had admitted that he had previously destroyed evidence of the crime they knew that the evidence was easily destructible in this particular case and only if the laptop is in his possession I'm sorry only if it's only easily destructible if the laptop is in the defendant's possession as long as one way or another either by consent or by inventory of personal effects after an arrest or by a seizure pursuant to a warrant as soon as one way or another they get it out of his possession what's on it is safe and that's yes and that's why they had to seize it right then and there right when he turned it over giving at given everything that they had in front of them at the time I don't have any problem with your argument that they needed to take it right there to prevent destruction of evidence what I'm I'm having a problem with is doing it without running it by a magistrate and and again judge that would have been a reasonable alternative but what we have to look at is whether or not what they did in this case is reasonable and it's the government's argument that it was they basically had consent in about an hour I understand that but they didn't have consent when they took it tell me where is the source of what you said about how they need to do some kind of paperwork on a telephonic search warrant your honor it's the rule and the rule I believe specifically talks about reading the war now I'm not talking about the affidavit or the application your honor but the rule references reading a verbatim copy of the the search warrant the rule I'm looking at rule 41 e3 am I looking at the right rule yes okay 41 e3 I see what you're saying prepare okay I understand what you're saying and so you know they could not just throw that part of it out the window and I'm what is the problem with that part with with the part that they you're saying they have to prepare a proposed duplicate original so something would subsequently have to be given on paper they did yes why is that a problem well it's not that it's a problem your honor but it would have taken the same amount of time that it took them to get consent so that's why that's what makes this reasonable they ended up having consent in about an hour after the conclusion of the interview and it's the government's position that it consent was received in the same time or about the same time that it would have taken them to get the telephonic search warrant and that's what makes what the officer did in this case reasonable there may have been other reasonable options absolutely but that doesn't make what he did here unreasonable given everything that he had to work with everything that he knew in this particular case you want to reserve your two minutes I do your honor thank you good morning I'm John Rhodes from Missoula office of the federal defenders of Montana I represent Giovanni blood the government appears to be arguing that as long as whatever agents do is reasonable that supplants the warrant requirement in an overarching position that defies the Fourth Amendment with respect to I'd like to ask you a question about something in your brief if I if I might mr. Rhodes I'm talking to page 30 last last line last sentence yes as the government overlooks a crucial indisputable fact established by its own case agent the agent possessed the laptop computer not mr. blood correct your honor so seems to me what you're saying is that they were within their rights to have been in possession to have seized the computer and therefore there was no basis to search any further what the agents told mr. blood we have to take that computer you have to give it to us they took it from him and they secured it what's wrong with that there's nothing wrong with that okay well that's the seizure they've secured the computer they didn't seized it and at that point and if you say there's nothing wrong with that it seems to me that's the ballgame for you isn't it because they didn't search it until they got consent well this consent was tainted but the law is a clear by what it was not voluntary in knowing because agents told mr. blood excuse me your honor go ahead you just if you if you buy the premise that they had the right to seize it to secure it then I don't see how anything else after that is tainted if it's not a valid seizure I get to take if it's a valid seizure I don't get to take I prefer the word secure because seizure obviously is in the fourth amendment secure is what they did they prevented mr. blood from as your honor suggested being able to walk out of that police chief's office with the computer how do they secure it they took it from him that's not a seizure in your view it could be considered a seizure but in that summer there's nothing wrong with that correct they didn't then search it what they should have done is got a warrant and that's where the government seems to be saying well as long as it's reasonable in retrospect the warrant requirement goes by the wayside and the government said in its brief and it repeated they have to get a warrant to search it but you've just told me that they had the right to secure it which you say is synonymous with seize it so I'm not quite sure I get what they did wrong well they had to get a warrant to secure it sorry I don't understand something here and my concern was with the seizure as you know from the questions I asked the question I was going to ask you is how come my concerns aren't entirely obviated by this language in Lakota and it sounds as though you're conceding that my concerns about the seizure are entirely obviated by the well once the seizure is okay the only thing that putatively tainted the consent was the seizure and if the seizure is okay there's no taint you've got consent I don't get what the problem is anymore well the problem is as your honor identified in the questions to the government is that the agents told mr. bud we have to take this you have to give it to us they grabbed it from him and at that point the government has said that the seizure is okay and it was okay to secure the computer well it the government should then have gotten a search warrant and it said here's what I'm asking about and I I frankly have some trouble with this but it's the law Lakota says in holding we agree that law enforcement authorities may make a warrantless seizure if they have probable cause to believe that a container holds contraband and the exigencies of the circumstances demand the seizure I assume that that's why you conceded that the seizure was okay because you had no choice again maybe on Scott I'm splitting hairs but there were not exigent circumstances mr. blood was not going to flee with the laptop well there if they left it in his possession then there would be it's takes a little bit longer to do a secure erase of a laptop than to flush dope down the toilet but you can mess up the directory pretty quickly I don't think when there's two federal agents who are armed and mr. blood is a small person that he was going to be able to overcome them physically in a police chief's office in the middle of a police station you wouldn't have to overcome them we could just stop at a Starbucks and do it but they had secured it and that's where I'm saying that was at that point the law required the government to get a warrant and the government said this morning it could have happened it could have obtained a warrant and the standard that's quoted in Judge Malloy's ruling and the standard in this circuit is that whenever a government claims exigent circumstances it has to show that a warrant could not have been obtained in time you never need a warrant if you have consent but the consent was tainted because I want when they told mr. blood we have to take this you have to paint the consent because it's not knowing involuntary when they're saying we have to take this you have no choice you're to take it at the time you've told us they had the right to secure it and take it and to take it from him to secure the situation to obtain a warrant because there were no accidents let's make sure we're talking the same thing okay you're saying the agents had the right to take possession of his laptop so that he couldn't do any harm to it is that right yes they had the right to secure the laptop and at that point they should have obtained a warrant which the government has said could have happened and it did it and I did get the warrant prior to examining the criminal contents no they had a warrant to search his residence which the government conceded in the district court was a bad warrant this was a computer that was not at the residence so it was not covered by the warrant the government had and the government failed to get a telephonic warrant they got no it said an answer to judge Beezer's question though they got a written consent from him to search the laptop two days later and that consent was tainted because they told mr. blood at the time they took the computer you have to give it to us you have no choice and then later on when he was signing an evidence receipt he said do I have to do this and they said something in effect you have no choice and that was everyone's testimony and so where the government saying it could get a warrant and it didn't that's in direct contravention of this court's law and the idea that a telephonic warrant is all that difficult to get is ridiculous they could have tried to call the magistrate who literally was approximately five minutes away on the other side of the river in downtown Missoula the idea that somehow preparing a duplicate warrant was too burdensome your honors have seen many many warrants it's a one-page form document the part that has to be filled in meets the particularity requirements of the Fourth Amendment the place to be searched the things to be seized that's all the additional information the government had to provide again they're in a police stations they probably have warrants there if not they talked to in a USA I'm on his computer system these are two federal agents yes the lead agent live in Kalispell the other agent was an FBI agent who again has an office in downtown Missoula and rule 41 has been liberalized over the years first it said warrants can be obtained telephonically then in the 90s it was amended so that warrants could be obtained using a fax machine and then more recently in the other electronic means I assume that means cell phones smartphones emails computers it was easy to get a warrant and the government made no effort it said it could have gotten it and the law says if you can get it and it's not impractical if you do not get it the result is suppression and again I go to the point that the government seems to believe that as long as it's reasonable in hindsight as long as the government acted in a respectable methodical way that somehow disposes of the war they say the same thing you say that they had the right to take it from him pending getting an authorization to search it in the authorization the law requires to search it not to take it to search it just again you both agree that they have the right to take it they to secure the fashion with the physical seizure we are walking out with this computer with the intent of later having a forensically analyzed is where the warrant requirement comes in and the government simply just advocated the warrant requirement there's no evidence that was even considered and again this is even though the argument is if the defendant is misled as to what the law is then even though he consents and consent would ordinarily obviate the warrant his consent is tainted because of his misunderstanding of the law will consent has to be knowing involuntary and here they said basically you have to do this that's not knowing involuntary that was a factual finding that certainly is not clearly erroneous thank you very much mr. Rhodes thank you mr. Peterson I think you have about two minutes left whether or not you use the seizure occurs when there's some meaningful interference with an individual's possessory interest in that in that property and there's no question that the agents seized it in the government's mind when the when they're arguing that they should have got a warrant they didn't need a warrant in this case because they obtained consent in terms of the argument that the is referring to is the first discussion that occurred at the interview the consent occurred later on first telephonically an hour after the interview and then it was reduced to writing the court recently issued the basher decision that talked about the totality of the circumstances and talked about the five reasons or the five ways that consents are voluntary not all of them are needed but when you go through them was the defendant in custody no did the officers have guns drawn no were Miranda warnings given yes was the defendant notified that he did not have a right to consent yes whether or not he was told that a search warrant could be obtained no under the basher factors his consent in this case was voluntary the search warrant was not needed because they ended up getting consent and so that takes away from that requirement sir he says he wasn't told he had a right not to consent he was told he had the record but they're referring to the initial interview with regards to signing of the receipt when they said I have to take this that was not when consent was received your honor he was specifically told in the record reflects that before he signed that written consent that he was told that that he had a right not to consent and in fact the court order actually references that at 169 thank you your honor thank you mr. Rhodes thank you to very much the case must argue to submit it good morning
judges: Beezer, Kleinfeld, Silverman